IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. MARTINEZ, JR.,

    Plaintiff,

v.                                                                                                         No. 25-cv-615 SMD/KK

MARCELINO ROMERO, *et al.*,

    Defendants.

### ORDER TO CURE DEFICIENCIES, GRANTING AMENDMENT, AND DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Prisoner Complaint for Violation of Civil Rights (Doc. 1, "Complaint"). Plaintiff is incarcerated and proceeding *pro se*. He brings claims relating to medical treatment under 42 U.S.C. § 1983. (Doc. 1). Also before the Court are Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2, "IFP Motion"), Moton to Amend Complaint (Doc. 4), and Motion for Appointment of Counsel (Doc. 6).

Plaintiff seeks to amend his Complaint by adding facts and details relating to his claims. (Doc. 4). Rather than attempting to discern Plaintiff's claims raised in piecemeal filings, the Court grants the Motion to Amend and will permit Plaintiff to file a single complaint within 30 days of entry of this Order that includes all claims/factual allegations. The Clerk's Office will mail Plaintiff a form 42 U.S.C. § 1983 complaint to assist with that pleading. By the same deadline, Plaintiff must submit an inmate account statement reflecting transactions for a six-month period. *See* 28 U.S.C. § 1915(a)(2). Such statement is required in all cases where, as here, the plaintiff is incarcerated and moves to proceed in forma pauperis. All filings should include the case number (No. 25-cv-615 SMD/KK) and be labeled as legal mail. The failure to timely comply with both directives in this Order may result in dismissal of this case without further notice.

Regarding Plaintiff's Motion for Appointment of Counsel, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local attorney to represent Plaintiff on a *pro bono* basis at this time. The claims are not complex, and it is at least questionable whether Plaintiff will prevail on the facts alleged. Further, Plaintiff's filings reflect that he is able to prosecute this action on a *pro se* basis. The Court will therefore deny Plaintiff's Motion to Appoint Counsel without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 4) is **GRANTED in part**, and within thirty (30) days of entry of this Order, Plaintiff must: (1) file a single § 1983 complaint that includes all claims and factual allegations; and (2) file an inmate account statement reflecting transactions for a six-month period.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank 42 U.S.C. § 1983 civil rights complaint.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **DENIED without prejudice**.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE